CHARLES F. WANZER, Appellant, *v.* SARAH CARY et al., Respondents.

Defendant S. C. executed her bond and mortgage as collateral security for the payment by her husband and another of an installment agreed to be paid under and by a contract for the purchase by them of certain lands ; the vendors assigned the bond and mortgage, and subsequently, by agreement of the parties, said contract was rescinded, and the indebtedness of the vendees thereunder extinguished. In an action to foreclose the mortgage, *held*, that the vendors could convey no title to the securities which was not defeasible by the payment or extinguishment of their claim under the contract ; that a transfer of the securities without a transfer of the principal debt was inoperative ; and that the rescission of

Statement of case.

the contract extinguished the indebtedness thereunder and destroyed the efficacy of the bond and mortgage.

(Argued March 17, 1879; decided April 1, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a judgment in favor of defendant, entered upon a decision of the court on trial at Special Term. (Reported below, 12 Hun, 403.)

This action was brought to foreclose a mortgage which, with the bond accompanying it, were executed by defendant Sarah Cary to James E. Shurter and George A. Seaman.

The court found, substantially the following facts: On or about the 26th day of September, 1870, certain real estate situated in the town of Fishkill, Dutchess county, was sold to Samuel Cary and Abraham Longshore by said Shurter and Seaman, for the sum of $12,000, to be paid as follows: $2,000 in cash, and $200 per month for two years, when a deed was to be given. That said Cary & Longshore paid $500 in money, and passed over the mortgage in question, as collateral security for the payment of the balance of the said sum of $2,000, and went into possession of the premises. Shurter & Seaman assigned said mortgage to one Gidney, who assigned to one Deyo, who assigned to plaintiff. Cary & Longshore continued in possession of said premises for about six months, and then gave up the same to Shurter & Seaman, who, in consideration thereof, rescinded the contract, and agreed to cancel the mortgage, and thereupon retook possession of the premises.

Further facts appear in the opinion.

*Samuel Hand,* for appellant. The transaction between Cary & Longshore and Shurter & Seaman in the spring of 1871, when the former returned the will to the latter, could not affect the title of the assignee to the mortgage, as it was then perfect. (*Brown* v. *Blydenburgh,* 3 Seld., 141; *Kellogg* v. *Smith,* 26 N. Y., 18; *Purdy* v. *Huntington,* 42 id., 334.)

*C. P. Dorland*, for respondents. An assignee of a non-negotiable chose in action takes it subject to all equities existing between the parties and payments made by a mortgagor to the mortgagee, without notice that the mortgage had been assigned, are valid. (*Van Keuren* v. *Conklins*, 4 Hun, 159; *Green* v. *Warwick*, 64 N. Y., 220; *Hovey* v. *Hill*, 3 Lans., 167; *Hermans* v. *Ellsworth*, 64 N. Y., 159; *Bush* v. *Lathrop*, 22 id., 548; *Owen* v. *Eames*, 60 Barb., 346; *Mickels* v. *Townsend*, 18 N. Y., 575.)

RAPALLO, J. It is found by the judge before whom this action was tried, that the mortgage executed by Mrs. Cary was passed over by Cary & Longshore to Shurter & Seaman as collateral security for $1,500 of the installment of $2,000, which Cary & Longshore were to pay to Shurter & Seaman, on account of the purchase money of the land contracted to be sold by them to Cary & Longshore. If there is any evidence to support this finding it must stand, and the consequence is that Shurter & Seaman could convey no title to the mortgage which was not defeasible by the payment or extinguishment of their claim against Cary & Longshore, for which they held the mortgage as security. They had no right to assign the mortgage, but only to enforce it for the collection of their claim, and an assignment of the security, without a transfer of the principal debt, was inoperative. The rescission of the contract for the sale of the lands by Shurter & Seaman to Cary & Longshore extinguished the indebtedness for which Shurter & Seaman held the mortgage as security, and deprived the mortgage of any force or effect, as it had been given by Mrs. Cary without any consideration, except to secure to Shurter & Seaman the payment of her husband's indebtedness jointly with Longshore, on the contract for the purchase of the land. This indebtedness being canceled, the mortgage was not supported by any consideration. It is contended, however, on the part of the appellant, that the mortgage was not given as security for, but in payment of, the sum due on the land contract,

and became the absolute property of Shurter & Seaman, and that the finding that it was given as collateral security is unsupported by any evidence, or contrary to the evidence. The substance of the testimony is, that Mrs. Cary was the owner of the land mortgaged. That she received no consideration for the mortgage, but executed it on her husband's statement to her that he wanted it for collateral security to secure Shurter & Seaman, and that they would not assign it. Cary, the husband, testified that he paid Shurter & Seaman $500, and gave them the mortgage for $1,500 to make up the $2,000, and that he thought he told them what he told his wife. That Shurter agreed to hold the bond and mortgage. He further testified that Shurter & Seaman were to hold the mortgage until the $1,500 were paid. Shurter testified that the mortgage was given in payment on the property, but he admitted that he never told Cary of the mortgage being assigned, and that when the contract of sale was rescinded he promised to give back the mortgage. On this testimony we cannot say that the finding that the mortgage was given as collateral security for Cary & Longshore's indebtedness was wholly unsupported by evidence.

The judgment should be affirmed.

All concur.

Judgment affirmed.