WILLIAM F. LETT, APPELLANT, *v.* THE GUARDIAN FIRE INSURANCE COMPANY, RESPONDENT.

*Insurance policy — right of an owner of the insured property, whose right is lost by reason of a breach of condition, to recover as the assignee of a mortgagee under a mortgagee clause attached to the policy.*

A policy of insurance was issued by the defendant upon the property of one Briggs, upon which there was a mortgage held by Angelina Butler, to whom, by the terms of the policy, the loss, if any, was to be paid. The policy contained a condition that the same should be void if any change took place in the title of the property, unless the consent in writing of the company were indorsed thereon, but a mortgagee clause or agreement was annexed to the policy by which the company agreed that the insurance, as to the interest of the mortgagee only, should not be invalidated by any act or neglect of the owner of the property, provided that whenever the company should pay the mortgagee any sum for a loss under the policy, and should claim that as to the mortgagor or owner no liability therefor existed, it should at once be legally subrogated to all the rights of the mortgagee, under all the securities held as collateral to the mortgage debt, to the extent of such payment.

The property was conveyed by Briggs, the owner, to the plaintiff without the consent of the company, subsequent to which conveyance it was injured by fire, and the plaintiff, to whom the mortgagee had assigned her interest in this policy of insurance (she having prior to such assignment, in consideration of payments made upon the mortgage, agreed to look to the land alone as security for the payment of the amount still due thereon), brought this action upon the policy.

*Held,* that the right to recover upon the policy, as a part of the security for the debt, was extinguished by the payment which had been made upon the debt, and by the agreement of the mortgagee to look to the land, so that the mortgagee had no longer any remaining interest in the insurance policy.

That, consequently, the plaintiff derived no advantage from the assignment thereof made by the mortgagee to him.

That as the parties had by their agreement destroyed any right on the part of the defendant to be subrogated to the rights of the mortgagee, they had released the defendant thereby from liability under the mortgagee clause.

That, as the plaintiff, as the owner of the property, by reason of the breach of condition of the policy, had no legal right to enforce the policy against the company in his own behalf, and as even should he be permitted to do so, as the assignee of Mrs Butler, then, under the provisions of the mortgagee clause, the company would be entitled to resort to the mortgagee for reimbursement for any amount which it should be compelled to pay, that the law, to avoid circuity of action, would hold this right to reimbursement to be a defense against the enforcement of the policy.

APPEAL from a judgment, rendered at the New York Circuit, dismissing the plaintiff's complaint, entered in the office of the clerk of the county of New York on the 14th day of June, 1888.

*James M. Lyddy* and *John A. Goodlett,* for the appellant.

*N. B. Hoxie,* for the respondent.

DANIELS, J.:

The action was to recover the amount of a policy of insurance issued by the defendant upon the 19th of April, 1883, upon two five-story brick buildings, adjoining and communicating, and being 62 and 64 Rutgers slip, $1,250 being insured upon each building.

At the time when the policy was issued the property was owned by S. Ellis Briggs. A mortgage existed upon it which was held by Angelina Butler to secure the sum of $15,000 and interest. The insurance, by the policy, was to extend over the period of one year. On the 29th of May, 1883, S. Ellis Briggs, with his wife, conveyed the premises insured to Louis J. McKenna by a warranty deed, subject to the outstanding mortgage, securing $15,000, with interest, and, on the first of June of the same year McKenna conveyed the property by a warranty deed to the plaintiff. This change in the title divested Briggs of all his insurable interest, and, by a clause in the policy, it was declared that it should become void unless consent in writing should be indorsed upon it, if any change took place in the title, interest, location or possession of the property, excepting the case of succession by reason of the death of the insured, whether by sale, transfer or conveyance, in whole or in part. After the plaintiff acquired title by the deed delivered to him, and in the month of June, 1885, evidence was given tending to show that notice of this change in the title was given verbally to officers of the insurance company. But no indorsement was either requested in writing or made by the company of that fact upon the policy. And the omission to obtain the indorsement, under this language, avoided and terminated the insurance so far as it could enure to the benefit of the plaintiff. And there was no obligation at any time affecting the defendant by which it was bound to make the indorsement upon the policy unless it consented so to do. When the policy was issued, the loss, if any, was made payable to Angelina Butler,

the mortgagee; and a mortgage clause or agreement was annexed to the policy by which the company agreed that the insurance, as to the interest of the mortgagee only, should not be invalidated by any act or neglect of the mortgagor, or owner of the property insured, or by the occupation of the premises for purposes more hazardous than was permitted by the policy; but she was required to notify the company of any change of ownership or increase of hazards which should come to her knowledge, and for which the company reserved the right to be paid by the mortgagee on reasonable demand, according to the established scale of rates for the use of the increased hazards. A fire occurred on the 17th of September, 1885, injuring the property to the extent of upwards of $16,000.

At this time this and other policies were held by the mortgagee as security for the amount mentioned in the mortgage. After the occurrence of the fire the other companies having insurances upon the property satisfied by payments their liability for the injury to the property. By those payments the sum of $7,499.05 was received and turned over to the plaintiff, and he paid to the mortgagee the sum of $6,679.52, with the interest then due, thereby reducing the amount of the mortgage to $8,500, and she assigned the mortgage to Austin Abbott as trustee. By this reduction the interest of the mortgagee in the insurances was extinguished, and from that time it was agreed that the mortgage should be held upon the land itself as security for the payment of the amount to which it had in this manner been reduced, and that security was regarded as, in fact it was, sufficient for the mortgage debt. For, according to the valuation of the property given by the plaintiff himself as a witness, it was stated to be worth about $35,000, which would leave a valuation of near $18,000 over and above the injury occasioned by the fire.

When the settlement reducing the mortgage to this sum of $8,500 took place, Mrs. Butler, the holder of the mortgage, executed an assignment of this policy of insurance to Austin Abbott, and he delivered the assignment as well as the policy to the plaintiff, who had also taken an assignment of the interest of his grantor on the 1st of June, 1885. And the real point, legally speaking, in the case is whether the plaintiff can maintain this action under the assignment executed to Abbott, and a subsequent assignment of the same policy

made by him to the plaintiff on the 13th of April, 1888.   If Mrs. Butler had retained her right to the mortgage, she would have been at liberty to collect the amount on the policy from the defendant, but, by the payments and agreement with her, the right to hold the policy as an additional security for the money mentioned in the mortgage was extinguished.   And the plaintiff was a party to the arrangement, and made the payments to her through which that result was produced.

The defendant had then denied its liability upon the policy, but still there was a liability which might have been enforced by Mrs. Butler if this change had not been made in the security.   But by the change and the payments the insurance was wholly detached from the debt.   Her right to claim or recover upon it as a part of her security was extinguished by the payments then made to her by the plaintiff, and she had no remaining interest in the insurance after that which she could assign, or keep the policy alive in favor of the assignee.   The plaintiff accordingly derived no advantage from the assignment made by her to Abbott, and the delivery of that assignment with the policy to him.   For she had no remaining interest in it to assign.

The agreement of the company with the holder of the mortgage provided, further, that " it is also agreed that whenever the company shall pay the mortgagee any sum for loss under this policy, and shall claim that, as to the mortagor or owner, no liability therefor existed, it shall at once be legally subrogated to all the rights of the mortgagee under all the securities held as collateral to the mortgage debt, to the extent of such payment, or, at its option, may pay to the mortgagee the whole principal due or to grow due on the mortgage, with interest; and shall thereupon receive a full assignment and transfer of the mortgage, and all other securities held as collateral to the mortgage debt; but no such subrogation shall impair the right of the mortgagee to recover the full amount of her claim."   And as the plaintiff, as the owner of the property, had no legal right to enforce the policy against the company in his own behalf, if he should be permitted to do so, as the assignee of Mrs Butler, then, under this part of the agreement, the company would be entitled to resort to the mortgage for the reimbursement of the amount it would be compelled to pay out of the property.   In other words, whatever

sum it might pay to the plaintiff, as the assignee of Mrs Butler, it would be entitled to reimburse itself for out of the property owned by the plaintiff himself and incumbered by the mortgage. And where that may be the relation of the parties to a transaction the law, to avoid circuity of actions, will hold this right of reimbursement to be a defense against the enforcement of the agreement itself.

There would be no legal propriety in allowing the plaintiff to collect the amount of this insurance from the company, when upon its payment the company could resort to his property through the mortgage, and recover back what it had paid. (*Phelps* v. *Johnson*, 8 Johns., 54; *Clark* v. *Bush*, 3 Cow., 151; *Brown* v. *Williams*, 4 Wend., 360; *Conn. Fire Ins. Co.* v. *Erie Ry. Co.*, 73 N. Y. 399.) The case in this respect differs from that of *Raynor* v. *Raynor* (21 Hun, 36), where, upon the assignment of a mortgage without the debt, it was permitted to be enforced in favor of the assignee for the amount which was advanced to obtain it. In this case the plaintiff advanced nothing, in fact, for the payment which was made was obtained from policies of insurance held by Mrs Butler as the assignee of the mortgage.

The result will be the same if the transaction between the plaintiff and Mrs. Butler, and Abbott, who took the assignment of the mortgage as a security from that time only upon the land, by the adjustment of their affairs extinguished the right of the company to follow and enforce the mortgage for its indemnity. For if they, in this manner, destroyed the right of the defendant under its agreement to subrogation for its own protection, that destruction, necessarily, had the effect of releasing it from liability, both to Mrs. Butler and the plaintiff, as the assignee. It did appear, further, by the evidence, after it is stated that the defendant denied its liability upon the policy, that the plaintiff took out another insurance for the same amount in the Phœnix Insurance Company. That insurance extended from the 25th of July, 1885, to the 1st of May, 1886, and the plaintiff, in August, 1887, demanded of Briggs a return of the premium allowed in the settlement, for the policy issued by the defendant, on the ground that it had, at that time, been canceled, and he had obtained an insurance for the same amount in another company. This insurance was paid by the Phœnix Company, and the payment probably formed a part of the

money received by Mrs. Butler to reduce the mortgage to the amount for which Mr. Abbott took it as security against the land alone. From the time when the settlement was made with her this policy was no part of the security for the mortgage debt, and its assignment, merely as a policy in which neither she nor Mr. Abbott any longer had an interest to transfer to the plaintiff, gave him no legal benefit under the arrangment which had previously existed, through which she held the policy as a further security.   When this transfer was made it was no more than an insurance on the property itself for the benefit of the person to whom it had been issued, and assigning it subsequent to that time to Mr. Abbott, and by Mr. Abbott to the plaintiff, vested him with no right of action upon it.   It was practically no more than the assignment of a mortgage would be without the transfer of an interest in the debt, and that would give the assignee no legal or equitable right to enforce it as a security. (*Merritt* v. *Bartholick,* 36 N. Y., 44; *Wanzer* v. *Cary,* 76 id., 526.)

The judgment, under these principles, seems to have been right, and it should be affirmed, with costs.

VAN BRUNT, P. J., and BRADY, J., concurred.

Judgment affirmed, with costs.