STERLING FIRE INS. CO. *vs.* CYRILLE BEFFREY, GEORGE C. HARPER, *et al.*

Argued Nov. 30, 1891.   Decided Jan. 6, 1892.

Fire Insurance—Loss Payable to Mortgagee— Subrogation.—When, by reason of a sale and conveyance of the insured premises, without the consent of the insurer, a fire insurance policy has become void as to a mortgagor owner and his successor in interest, but, by the terms of the instrument, is still in force as to the mortgagee, and in it the company has been expressly authorized, in case of a loss, to pay the whole amount of the debt to the mortgagee, and take a transfer and assignment thereof, and of all securities held for its payment, the mortgagor or his successor has no beneficial interest in the policy, and cannot compel an application on the debt of the amount due upon a loss.

Subrogation of Insurance Company to Rights of Mortgagee.—The amount due on a loss under such a policy and such circumstances is not a fund for the payment of the mortgage debt, but becomes a fund for the reimbursement of the insurance company.

Appeal by defendant George C. Harper from a judgment of the district court of Ramsey county, *Kerr*, J., entered March 10, 1891.

This action was to foreclose a mortgage made June 14, 1886, by Cyrille Beffrey and wife to Helen Bartlett, upon a house and lot in St. Paul, to secure the payment of $1,000 and interest. Beffrey and wife conveyed the property to Josiah Fairchild, September 11, 1886, subject to the mortgage, which he assumed and agreed to pay. Fairchild conveyed it November 10, 1886, to the defendant Harper, subject to the mortgage, which he also assumed to pay. The plaintiff, the Sterling Fire Insurance Company, on June 15, 1886, issued its policy of insurance to Beffrey, whereby it insured him against loss of the house by fire in the sum of $1,000, payable in case of loss to the owner of the mortgage. The policy of insurance contained a provision that it should become void if any change should take place in the title of the property insured, by sale, transfer, or conveyance. It also contained a provision that the interest of the mortgagee or her assigns should not be invalidated by any such sale or conveyance. It was also agreed by the policy that if the company should pay the mortgagee for loss, and should claim that as to the mortgagor or owner no liability therefor existed, it might, at its option, pay the whole debt secured, and receive from the party to whom the payment should be made an assignment and transfer of the debt, with all securities held by such party for its payment.

The house was accidentally burned in January, 1887, and after the conveyance to Harper. The plaintiff afterwards paid Mrs. Bartlett the mortgage debt, and took from her an assignment of the mortgage, and instituted this action to foreclose it.

*C. D.* and *Thos. D. O'Brien,* for appellant, cited *Ames* v. *Richardson,* 29 Minn. 330; *Hostetter* v. *Alexander,* 22 Minn. 559; *Pendleton* v. *Elliott,* 67 Mich. 496; *Nelson* v. *Bound Brook Mut. Fire Ins. Co.,* 43 N. J. Eq. 256; *Stinchfield* v. *Milliken,* 71 Me. 567; *Honore* v. *Lamar Fire Ins. Co.,* 51 Ill. 409; *Norwich Fire Ins. Co.* v. *Boomer,* 52 Ill. 442; *Clinton* v. *Hope Ins. Co.,* 45 N. Y. 454; *Holbrook* v. *American Ins. Co.,* 1 Curt. 193; *Waring* v. *Loder,* 53 N. Y. 581; *Buffalo Steam Engine Works* v. *Sun Mut. Ins. Co.,* 17 N. Y. 401.

*H. C. Truesdale,* for respondent, cited *Langdon* v. *Minnesota Farmers' Mut. Fire Ass'n,* 22 Minn. 193; *Frost's Detroit Lumber*

*& Wooden-Ware Works* v. *Millers' & Manufacturers' Mut. Ins. Co.,* 37 Minn. 300; *Johnson* v. *American Ins. Co.,* 41 Minn. 396; *Collins* v. *St. Paul F. & M. Ins. Co.,* 44 Minn. 440; *St. Paul F. & M. Ins. Co.* v. *Parsons,* 47 Minn. 352; *Springfield Fire & Marine Ins. Co.* v. *Allen,* 43 N. Y. 389; *Hastings* v. *Westchester Fire Ins. Co.,* 73 N. Y. 142; *Ulster Co. Sav. Inst.* v. *Leake,* Id. 161; *Meriden Sav. Bank* v. *Home Mut. Fire Ins. Co.,* 50 Conn. 399; *Hartford Fire Ins. Co.* v. *Olcott,* 97 Ill. 455; *Allen* v. *Watertown Fire Ins. Co.,* 132 Mass. 483; *Bound Brook Mut. Fire Ins. Ass'n* v. *Nelson,* 41 N. J. Eq. 487; *Buffalo Steam Engine Works* v. *Sun Mut. Ins. Co.,* 17 N. Y. 401.

COLLINS, J. By the terms of the mortgage it was agreed that the buildings upon the premises should be kept insured for the benefit of the mortgagee, and this agreement was complied with; the policy issued by plaintiff insurance company containing the usual clause in such cases, that the amount of the loss, if any, should be paid to the mortgagee to the extent of her interest. It was also stipulated that, unless written consent was indorsed upon the policy, it should become void upon a sale, transfer, or conveyance of the property by the insured mortgagor. There were further stipulations and conditions in the policy which, as part of the contract of insurance, must be given full force and effect, unless we are to make a new contract for the insurer and insured. These were that, as to the interest of the mortgagee in the policy, it should not be invalidated by any act of the mortgagor or owner of the property; and also that should the company, claiming that as to the mortgagor or owner all liability had ceased to exist, pay to the mortgagee any sum for loss under the policy, it should, to the extent of the payment, but subordinate to any claim of the mortgagee for an unpaid balance, be subrogated to the rights of the latter under any or all securities held by her for the payment of the debt. Or, a most important provision in this case, the company might, at its option, pay to the mortgagee the whole amount of the debt, and receive a transfer and assignment thereof, together with all securities held by her for its payment. These provisions and conditions of the contract do not seem ambiguous. As to the mortgagor, and as to his grantee, the company owed no duty or obligation upon the sale and conveyance of the premises by the

mortgagor, some four months prior to the fire.   The policy had, by reason of a very plain condition therein, become void, except as to the mortgagee.   Her interest had been protected and preserved by means of another plain provision or condition of the same instrument.   And equally as plain and unmistakable was another provision or condition of the policy, binding upon all parties, of course, to the effect that, in the event of a loss after a forfeiture by the mortgagor or owner of the property, or after all liability as to either had ceased to exist, the insurance company might pay the loss, and be thereby subrogated to the rights of the mortgagee, to the extent of the payment, or, at its option, pay the whole debt, and take a transfer or assignment thereof from the mortgagee, together with all securities held by her for its payment.   In other words, to adopt, with a slight variation, the language found in one of the cases hereinafter cited, the insurance contract was conditioned that the amount due for a loss occurring after all liability to the mortgagor or the owner of the property had ceased to exist, by reason of some act which as to either rendered the policy void, should not be a fund for the payment of the mortgage debt, but that, upon payment of the amount of the insurance or loss, or, at the option of the insurer, upon paying the whole debt to the mortgagee, and procuring from her a transfer and assignment of the same, with all securities held for its payment, the mortgage debt should be a fund for the reimbursement of the plaintiff company.   The contract was in explicit terms that, after acts of the mortgagor or owner of the property which invalidated it as to them, the insurance should be exclusively for the indemnity of the mortgagee; that the mortgagor, or those claiming under him, should have no beneficial interest in the policy; that payment to a mortgagee should not discharge the mortgage lien, but subrogate the insurer to the rights of the mortgagee; and, further, that if, instead of paying the amount of the loss to the mortgagee and securing rights through subrogation, the plaintiff company elected so to do, it could pay the entire debt to the mortgagee, and by means of a transfer and assignment thereof, and of the securities, succeed to her claim and interest, without restriction.   *Allen* v. *Watertown Fire Ins. Co.*, 132 Mass. 480; *Ulster Co. Sav. Inst.* v. *Leake*,

73 N. Y. 161; *Stinchfield* v. *Milliken*, 71 Me. 567. This was the contract between the parties, as found in the policy, and there is no reason why it should not be enforced as made.

Judgment affirmed.

(Opinion published 50 N. W. Rep. 922.)