## ALEXANDER McKAY v. NATIONAL UNION FIRE INSURANCE COMPANY.[1]

January 23, 1931.

No. 28,007.

*Bundlie & Kelley,* for appellant.
*Kerr, Nelson, Burns & Mohan,* for respondent.

STONE, J.

This action on a policy of fire insurance went to a jury and a verdict for plaintiff. Defendant appeals from an order denying its motion for judgment notwithstanding or a new trial.

The policy covers a building insured as a dwelling and was issued February 18, 1925, to one Mullner. Although the policy did not so state, he was insured as a mortgagee. Neither then nor thereafter did the owner or mortgagor become a beneficiary of the insurance. September 17, 1927, Mullner, with the consent of defendant, the insurer, assigned the policy to one Meyers, another mortgagee. The building was burned December 8, 1927, within the

[1]Reported in 234 N. W. 589.

three-year term of the policy. In due season Meyers furnished proofs of loss, but defendant denied liability. May 14, 1928, plaintiff, owner of the property, paid him the balance of $3,300 remaining due on his mortgage debt, and Meyers satisfied the mortgage.

The claim for plaintiff is that when he paid the debt and procured the formal discharge of the mortgage "it was understood that Meyers would transfer to McKay [plaintiff] whatever rights he had under the policy of insurance, together with his claim for damages and for loss by reason of said fire." Anyway, Meyers assigned all of his rights under the policy—his cause of action, if any, against defendant—to plaintiff June 22, 1928.

The policy was in the Minnesota standard form and contained this provision:

"Whenever this company [the insurer] shall be liable to a mortgagee for any sum for loss under this policy, for which no liability exists as to the mortgagor or owner, and this company shall elect by itself, or with others, to pay the mortgagee the full amount secured by such mortgage, then the mortgagee shall assign and transfer to the company interested, upon such payment, the said mortgage, together with the note and debts thereby secured."

When Meyers formally satisfied the mortgage and discharged its lien, he disabled himself from performing a condition of the contract. Therefore he was no longer in a position to insist upon performance by the other contracting party, defendant, and the latter is discharged from further liability.

There being no liability of insurer to mortgagor or owner, the insurance did not furnish a fund for the payment of the mortgage debt. Rather, "upon payment of the amount of the insurance or loss, or, at the option of the insurer, upon paying the whole debt to the mortgagee," and procuring an assignment of the mortgage, the mortgage debt becomes "a fund for the reimbursement" of the insurer. Sterling F. Ins. Co. v. Beffrey, 48 Minn. 9, 12, 50 N. W. 922. That being the status created by the contract, it is plain that "where the insurer is entitled to subrogation, a release or satisfaction of the mortgage will relieve it correspondingly from liability

under its policy." 26 C. J. 463. In such a case "the payment of the insurance is not a discharge of the debt, but only changes the creditor." Baker v. Monumental S. & L. Assn. 58 W. Va. 408, 414, 52 S. E. 403, 405, 3 L.R.A. (N.S.) 79, 112 A. S. R. 996; Carpenter v. Providence W. Ins. Co. 16 Pet. 495, 10 L. ed. 1044. Precisely in point are Walker v. Queen Ins. Co. 136 S. C. 144, 134 S. E. 263, annotated, 52 A. L. R. 259; and Lett v. Guardian F. Ins. Co. 52 Hun, 570, 5 N. Y. S. 526, affirmed 125 N. Y. 82, 25 N. E. 1088. Neither plaintiff nor any preceding owner or mortgagor was insured by defendant. Meyers, the only insured, "having deprived the insurance company" of the right of subrogation, neither he, nor plaintiff as his assignee, can recover on the policy. Thomas v. Montauk F. Ins. Co. 12 N. Y. St. 738, 741.

It is immaterial that the act destructive of the cause of action occurred after the fire. It was as prejudicial to defendant then as it would have been before. The point is that it deprived defendant of a substantial and valuable right under the contract, one which would have given it indemnity. Sterling F. Ins. Co. v. Beffrey, 48 Minn. 9, 50 N. W. 922.

There is much authority (with some the other way) that even in the absence of agreement to that effect the insurer would be entitled to subrogation under a policy insuring only the mortgagee, neither owner nor mortgagor being a beneficiary. See annotation of Baker v. Monumental S. & L. Assn. 58 W. Va. 408, 52 S. E. 403, in 3 L.R.A. (N.S.) 79.

Defendant's motion for a directed verdict should have been granted. The order appealed from must be reversed and the action remanded with directions to enter judgment for defendant.

So ordered.