MINNIE NOBBE AND ANOTHER v. EQUITY FIRE
INSURANCE COMPANY AND OTHERS.
W. C. STANTON LUMBER COMPANY AND ANOTHER,
RESPONDENTS.[1]

April 10, 1941.

No. 32,680.

*Burtin A. Shay* and *Walter T. Ryan,* for appellants.

*O'Brien & Kronebusch,* for respondent Safeguard Insurance Company of New York.

STONE, JUSTICE.

Defendant Equity Fire Insurance Company (hereinafter mentioned as Equity), admitting its liability in the sum of $2,500

[1]Reported in 297 N. W. 349.

under a policy of fire insurance, paid that sum into court. The one issue is whether plaintiffs (owner of the insured real estate and her assignee) are entitled to the proceeds of the Equity policy or whether Safeguard Insurance Company (hereinafter mentioned as Safeguard) should share therein as decided below and later to be discussed. At the outset Equity was the only defendant. Promptly after commencement of this action, W. C. Stanton Lumber Company (hereinafter referred to as Stanton) and Safeguard were impleaded as defendants in its stead.

It is sufficiently accurate for present purposes to say that plaintiff Nobbe, in 1937, was the owner of a residence property. She insured it with Equity in the sum of $2,500 against loss by fire. The policy carried a rider making loss payable to Stanton as its interest might appear.

Also, in 1938, defendant Stanton foreclosed a mechanic's lien on the property. At the foreclosure sale, July 9, 1938, Stanton bid it in for the amount of its lien as fixed by the judgment, $1,056.32. Thereby Stanton became owner of the property, subject to redemption, the period for which has been extended by agreement pending the outcome of this case.

March 27, 1939, Stanton, at its own expense and not at all at the cost or instance of plaintiffs or for their benefit, insured the property in the sum of $1,400 against loss by fire under a policy issued by Safeguard.

April 12, 1939, with both policies in effect, the property was damaged by fire in the sum of $3,629.13. Safeguard has paid Stanton the amount which it was obligated to pay under its policy, $1,332.15. Claiming the right to be subrogated to the Stanton lien, it took an assignment thereof. That assignment and the subrogation of which it is but an evidence were sustained below. The decision was that, of the proceeds of the Equity policy paid into court, Safeguard should have the amount found due on the Stanton lien, the residue to be paid to plaintiffs, less costs and disbursements charged against them.

■ The claim of appellants is that as between the two insurers there should have been contribution rather than subrogation. The trouble with that claim is that it has its proper application only in the case of concurrent insurance. Insurance is not concurrent unless the policies are "on the same property or some part thereof, on the same interest in the property, against the same risks, and in favor of the same party." 26 C. J. p. 363. Here, the policies were in favor of different parties and on separate and distinct interests. Equity insured the interest of both plaintiff Nobbe as owner and Stanton as lienholder, the Safeguard that of Stanton alone. Furthermore, plaintiffs were neither parties to nor beneficiaries of. the Safeguard policy. That insurer had no obligation to them. Its sole duty was to Stanton as lienholder.

■ Where a lienholder insures at his own expense, in his own interest, and a loss follows, "the insurer on paying the loss * * * is subrogated, to the extent of the amount thus paid, to the means of enforcing payment of the original obligation" secured by the lien. 29 Am. Jur., Insurance, § 1351. That right of subrogation exists under a policy, originally in favor of both mortgagor and mortgagee but which, although remaining good as to the latter, has been avoided as to the former. Sterling F. Ins. Co. v. Beffrey, 48 Minn. 9, 50 N. W. 922; McKay v. National Union F. Ins. Co. 182 Minn. 378, 234 N. W. 589; Annotations, 52 A. L. R. 278, and 63 A. L. R. 1527. The right was acquired and enforced in respect to insurance of the interest of the holder of a mechanic's lien in Insurance Co. v. Stinson, 103 U. S. 25, 26 L. ed. 473.

The foregoing seems to be the inescapable law of the case. Of course, fire insurance policies are personal, and both these insurers did no more than perform plain obligations in making payments under their policies. True, also, as argued by plaintiffs, Safeguard was subrogated only to the rights of Stanton. That is enough to make the decision below inescapable because as to all the parties, for the purposes of this case, the money paid into court by Equity was but a substitute for that part of the value which had been

removed from the premises by the fire. By the Equity policy, plaintiffs contracted that, in case of loss, the insurance money should be applied, so far as needed, in payment of the sum secured by the Stanton lien. That, precisely, is the result achieved by the decision below, Safeguard having stepped into the contractual footwear of Stanton.

Affirmed.