**William Charles NESHEIM et al., Respondents,**

v.

**IOWA MUTUAL INSURANCE CO., Appellant.**

**No. 51017.**

Supreme Court of Minnesota.

May 8, 1981.

Green, Merrigan, Johnson & Quayle, Minneapolis, for appellant.

Robins, Davis & Lyons, Minneapolis, for respondents.

OTIS, Justice.

This appeal presents the narrow question of apportioning liability where two insurance policies cover the same risk and contain similar "other insurance" clauses. The district court found that both policies were in force when the loss occurred and granted summary judgment for the plaintiffs. We affirm.

The parties agree on the facts. Prior to January 2, 1979, the subject property, a four-unit apartment building in Minneapolis, Minnesota, was owned by William Nesheim. Nesheim had a three-year policy from the defendant, Iowa Mutual Insurance Company, expiring in May of 1979, which insured against fire damage and loss of rents. Nesheim's policy named him as the insured. A mortgage company was named as mortgagee and loss payee.

On January 2, 1979, Nesheim sold the property to Joseph Hoffer on a contract for deed. The contract obligated Hoffer to keep the premises insured against loss by fire and to provide Nesheim with the insurance policy. Hoffer obtained insurance from Grain Dealers Mutual Insurance Company in the amount of $112,000 for fire loss to the building and $13,200 for loss of rent. The policy named Hoffer as the insured, Nesheim's mortgage company as mortgagee, and Nesheim and the mortgage company as loss payees. Following the sale, Nesheim requested proof of insurance. None was provided. The apartment building was substantially destroyed by fire on March 30, 1979, causing fire damage of $90,261.13 and loss of rent of $5,445.00. Both policies were in effect on the day of the fire.

The policies contain similar "other insurance" clauses dealing with "excess" coverage and state:

(b) If at the time of loss there is other insurance other than that as described in (a) above [i. e., co-insurance], the Company shall not be liable for any loss hereunder until:

(1) the Liability of such other insurance has been exhausted, and

(2) then only for such amount as may exceed the amount due from such other insurance, whether collectable or not.

The district court found that the two policies were concurrent based on a four-pronged test originally set forth in *Nobbe v. Equity Fire Insurance Co.*, 210 Minn. 93, 297 N.W. 349 (1941), namely that insurance policies are not concurrent unless they are on the same property, the same interest in the property, in favor of the same party, and against the same risks. The district court ordered Iowa Mutual to pay a pro-rata share of the loss.

The question for decision is whether the district court erred in finding that the policies were concurrent and in ordering each company to pay a pro-rata share of the loss. Grain Dealers takes the position that the policies were concurrent. It paid the loss

payees its alleged pro-rata share of $59,924 on the building and $3,212.55 for loss of rent, contending that Iowa Mutual is liable for pro-rata shares of $30,087.04 and $2,232.55, respectively. Iowa Mutual contends that Grain Dealers is primarily liable and that it is only secondarily liable.

In *Integrity Mutual Insurance Co. v. State Automobile & Casualty Underwriters Insurance Co.*, 307 Minn. 173, 239 N.W.2d 445 (1976) we decided that, when two insurance policies cover the same risk but contain conflicting "other insurance" clauses, the courts of this state should "allocate respective policy coverages in light of the total policy insuring intent, as determined by the primary policy risks upon which each policy's premiums were based and as determined by the primary function of each policy. If they are concurrently liable, each must pay a pro rata share of the entire loss." *Id.* at 175, 239 N.W.2d 446–47. The question of coverage turns then upon the intent of the insured vis-a-vis the insuror.

Here each of the insurance policies was purchased with the intention that it would cover a loss such as occurred. The insurors were not misled by the insureds, nor did the insureds commit any fault with respect to the insurors. What the insureds did with respect to contractual obligations between themselves did not affect the intention governing the coverage of the insurance contracts. The insurer, Iowa Mutual Insurance Company, cannot invoke the breach of contract between the two insureds in order to justify its position that it is only incidentally liable to fulfill the terms of its contract with one of the insureds. Since the policies have similar "other insurance" clauses, neither clause can be enforced without violating the clause in the other policy. Therefore, the loss must be apportioned in light of the "total policy insuring intent, as determined by the primary policy risks upon which each policy's premiums were based. * * *." *Id.* at 175, 239 N.W.2d at 446. The intent of each policy was to protect the same interest in the same property in favor of the same person against a casualty loss by fire, and thus, under *Nobbe*, the policies are concurrent. The district court correctly required each insuror to pay a pro rata share of the entire loss.

Affirmed.