[Civ. No. 2359. First Appellate District, Division One.—December 27, 1918.]

JAS. H. EDELEN, Appellant, v. THE OAKLAND BANK OF SAVINGS (a Corporation), Respondent.

BANKS AND BANKING — CHECKS SIGNED IN BLANK — FRAUD OF DEPOSITOR'S EMPLOYEE—FICTITIOUS PAYEE—NEGLIGENCE OF DRAWER. Where a depositor having a commercial account in a bank signed a number of checks "in blank" and delivered them for use in his business to his bookkeeper, who, after leaving his employ, retained one of the checks, filled in the date, the amount, six hundred dollars, and the name of a fictitious payee, and procured it to be indorsed by another with this fictitious name, and negotiated it to another bank which paid it and presented it through the clearing-house to the bank on which it was drawn, and the latter bank paid it, the fact that the name of the payee was fictitious did not render the bank on which the check was drawn, and by which it was ultimately paid, liable for the amount to the depositor, since his own negligence was the proximate cause of the loss.

APPEAL from a judgment of the Superior Court of Alameda County. J. O. Moncur, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Reed, Nusbaumer & Bingaman  for Appellant.

McKee & Tasheira  for Respondent.

THE COURT.—Edelen, the plaintiff, had a commercial account with the defendant, the Oakland Bank of Savings. He also had in his employ a trusted bookkeeper, by name Mrs. L. B. Simpson. He signed a number of checks "in blank," drawn upon the defendant bank, and delivered them to Mrs. Simpson for use in the conduct of his business. Without his knowledge, Mrs. Simpson retained one of these blank checks after quitting the employment of Edelen, and, after filling in the blanks by writing in the date, July 1, 1916, the amount, six hundred dollars, and the name Arthur H. Shaw, as payee, sent her son to the Central Bank of Oakland, where, after indorsing the name of Shaw and writing his own name also upon the back of the check, he negotiated it to the Central Bank, which paid him the amount thereof. The Central Bank presented the check to the Oakland Bank of Savings through the clearing-house, and the Oakland Bank of Savings paid it and charged the amount thereof to the account of Edelen. Upon learning of this Edelen brought action against the Oakland Bank of Savings for the amount of the check, and the trial court gave judgment for the defendant for its costs, whereupon Edelen appeals, and endeavors to escape liability for his negligence in leaving the blank check in the possession of Mrs. Simpson by contending that Shaw's name, being fictitious (which it was), it was the duty of the Central Bank of Oakland to discover this fact, and that not having done so the bank is chargeable with negligence, and is liable to the defendant Oakland Bank of Savings for the six hundred dollars, and that, therefore, the plaintiff is entitled to receive back his money from the last-named bank.

There is nothing in this point. The plaintiff's own negligence was the proximate cause of his loss. The Oakland Bank of Savings paid the check on the faith of the signature of Edelen, which, because he was its depositor, it was bound to know and to honor at its peril; and it would be unjust to force it to repay the six hundred dollars to Edelen and resort

for reimbursement to a probable lawsuit against the Central Bank. We are cited to no authority compelling us to so hold.

The judgment is affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 24, 1919.

All the Justices concurred.