[Civ. No. 7921. First Appellate District, Division One.—May 4, 1932.]

RANCHO SAN CARLOS, INC. (a Corporation), Appellant, v. BANK OF ITALY NATIONAL TRUST AND SAVINGS ASSOCIATION (a Corporation), Respondent.

C. F. Lacey, J. A. Bardin and J. T. Harrington for Appellant.

Silas W. Mack, John Thompson and J. Joseph Posner for Respondent.

THE COURT.—In July, 1928, the plaintiff had a commercial checking account with defendant bank at Monterey, California. Plaintiff had in its employ a bookkeeper named Harris, and another employee named James P. Dunnigan. It was plaintiff's custom to deliver to Harris checks in blank signed by its superintendent for the purpose of enabling Harris to pay plaintiff's current bills. On July 30, 1928, Harris filled in one of the checks so delivered to him for the sum of $10,000, the check being in terms payable to order, and inserted Dunnigan's name therein as payee. He then forged Dunnigan's signature as indorser on the instrument and deposited the same to the credit of Dunnigan's checking account in the First National Bank of Monterey. All this was without the knowledge or consent of Dunnigan. On the same day the last-named bank indorsed and presented the check to defendant, which paid the same

and charged plaintiff's account therewith. Harris, by false representations, then induced the delivery to himself of a check signed in blank by Dunnigan. This check was drawn on the latter's account in the First National Bank of Monterey and was made payable to Harris. The latter filled in the check for $9,800, presented it to the drawee bank, procured its payment and absconded. The action was brought to recover the amount of the check first mentioned from the defendant bank.

The court found that the check was delivered to Harris by plaintiff with power and authority to fill in the blank spaces and use the same in payment of its debts; that Dunnigan had no interest in the amount for which the check was drawn, that he was a fictitious person, and that the fact was known to Harris; that the acts of Harris were done in the course of and within the general scope of his employment; that plaintiff was negligent in delivering the check to him, and any loss suffered by it was proximately caused by such negligence. Judgment was entered in favor of defendant and plaintiff appealed therefrom.

Plaintiff attacks certain findings and the conclusion of the trial court that the check was in legal effect payable to the order of a fictitious person, the fact being known to the person who within the meaning of the statute was the one making it so payable.

It is the rule that if one signs an instrument containing blanks he must intend it to be filled in by the person to whom it is delivered (*Cassetta* v. *Baima,* 106 Cal. App. 196 [288 Pac. 830]) ; and where a depositor signs checks in blank and delivers the same to his agent, who fraudulently fills in the blanks and negotiates the checks, the drawee bank which pays the same without notice of the fraud is not liable to the drawer, since the negligence of the latter is the proximate cause of the loss (*Otis Elevator Co.* v. *First Nat. Bank,* 163 Cal. 31 [41 L. R. A. (N. S.) 529, 124 Pac. 704] ; *Edelen* v. *Oakland Bank of Savings,* 39 Cal. App. 302 [178 Pac. 737]).

In the present action, however, it is conceded that the indorsement of the name of Dunnigan was forged; and it is the duty of a bank to pay the checks of its depositors drawn payable to order only to a person who becomes the holder thereof by a genuine indorsement; otherwise the

amount paid thereon cannot be charged to the depositor's account (*Hatton* v. *Holmes*, 97 Cal. 208 [31 Pac. 1137]; *Garthwaite* v. *Tulare Bank*, 134 Cal. 237 [66 Pac. 326]; *Otis Elevator Co.* v. *First Nat. Bank, supra; Los Angeles Inv. Co.* v. *Home Sav. Bank*, 180 Cal. 601 [5 A. L. R. 1193, 182 Pac. 293]). ▇ But a check made payable to a fictitious or nonexisting person, when such fact is known to the person making it so payable, is an instrument payable to bearer (Civ. Code, sec. 3090); and according to the conclusion of the trial court such was the case here. It has been held that where the drawer is requested to draw a draft to the order of a fictitious person not known to the drawer to be such the knowledge of the drawer and not the knowledge of the person at whose request the draft was drawn controls, and the instrument is not one payable to bearer within the provisions of the statute (*Robertson Banking Co.* v. *Brasfield*, 202 Ala. 167 [79 South. 651]; *American Surety Co.* v. *First Nat. Bank*, 203 Ala. 179 [82 South. 429]; *American Express Co.* v. *People's Sav. Bank*, 192 Iowa, 366 [181 N. W. 701]; *United Cigar Stores Co.* v. *American Raw Silk Co.*, 184 App. Div. 217 [171 N. Y. Supp. 480], 229 N. Y. 532 [129 N. E. 904]; *City of St. Paul* v. *Merchants' Nat. Bank*, 151 Minn. 485 [22 A. L. R. 1221, 187 N. W. 516]; *Second Nat. Bank* v. *First Nat. Bank*, 7 Ohio App. 68). The same rule was followed in *Los Angeles Inv. Co.* v. *Home Sav. Bank, supra*. But where an agent has authority to draw checks on his principal's bank account it has been held that a check knowingly drawn by an agent to the order of a fictitious person, or to an existing person having no interest in the transaction and not intended by the agent to receive the check, is payable to bearer (*Snyder* v. *Corn Exchange Bank*, 221 Pa. 599 [128 Am. St. Rep. 780, 70 Atl. 876]; *Mueller et al.* v. *Liberty Ins. Bank*, 187 Ky. 44 [218 S. W. 465]; *Litchfield Shuttle Co.* v. *Cumberland Valley Nat. Bank*, 134 Tenn. 379 [183 S. W. 1006]; *American Hominy Co.* v. *National Bank of Decatur*, 294 Ill. 223 [128 N. E. 391]). ▇ It is conceded that Dunnigan was not a party to any agreement, express or implied, whereby the First National Bank of Monterey undertook to collect the check or to credit the same or its proceeds to his account, and that he ratified none of the acts of any of the parties to the transaction. And it is clear that while this bank assumed

that it was acting for Dunnigan, this being part of Harris' plan, it was not the latter's intention that Dunnigan should have any interest in the check or its proceeds or should knowingly receive the same, as such knowledge would have frustrated the fraudulent scheme. Nor did the acts mentioned result in a transfer to him of either the check or its proceeds. Mutual assent was necessary to the existence of a contract (Civ. Code, sec. 1550) ; and no donation is valid or obligatory until accepted (*De Levillain* v. *Evans,* 39 Cal. 120) ; nor, in view of the circumstances, could his assent or acceptance be presumed (7 Cor. Jur., Banks and Banking, p. 641; *Leech* v. *Marysville etc. Bank,* 99 Mo. App. 681 [74 S. W. 416]).

█ As stated, one who affixes his signature to a printed blank or a bill of exchange or promissory note, and entrusts it to another for the purpose of having the blanks filled in, cannot be heard to deny that the latter was authorized to complete the same so far as is consistent with the printed words (3 R. C. L., Bills and Notes, sec. 59, p. 874) ; █ and here the person to whom the signed blank was entrusted and who was authorized to complete it made it payable to one who, although known to him to be an existing person, was not intended to have more than an apparent interest therein, and this for the purpose of misleading the banks.

It has been held that the words "the person making it so payable" refer to the person who actually drew the check whether he be the nominal maker or not (*Mueller et al.* v. *Liberty Ins. Bank, supra; American Sash etc. Co.* v. *Commerce Trust Co.,* (Mo. App.) 25 S. W. (2d) 545) ; and in principle the same rule should apply where the person who actually makes the check payable is expressly or impliedly authorized to complete it in that manner.

The facts stipulated by the parties, together with the evidence, fully support the findings, and the conclusion of the trial court that the case is within the provisions of subdivision 3 of section 3090 of the Civil Code is sustained in principle by the following decisions involving similar facts; *Mueller et al.* v. *Liberty Ins. Bank, supra; American Sash etc. Co.* v. *Commerce Trust Co., supra; Norton et al.* v. *City Bank & Trust Co.,* 294 Fed. 839; *Snyder* v. *Corn Exchange Nat. Bank, supra; American Hominy Co.* v. *National Bank of Decatur, supra; Trust Co. of America* v. *Hamilton Bank,* 127

App. Div. 515 [112 N. Y. Supp. 84]; *Bartlett* v. *First Nat. Bank of Chicago,* 247 Ill. 490 [93 N. E. 337]; *Cogill* v. *American Exchange Bank,* 1 N. Y. 113 [49 Am. Dec. 310]; *Phillips* v. *Mercantile Nat. Bank,* 140 N. Y. 556 [37 Am. St. Rep. 596, 23 L. R. A. 584, 35 N. E. 982]; *Edelen* v. *Oakland Bank of Savings, supra.* (See, also, article entitled "The Fictitious Payee," 18 Mich. Law Rev. 296.)

The judgment is affirmed.