UNITED STATES *v.* CLINTON NAT. BANK.

*(Circuit Court, S. D. Iowa.   July 5, 1886.)*

CHECKS—PAYMENT BY UNITED STATES ON FORGED INDORSEMENT—RIGHT OF RECOVERY—NOTICE.

The right of the United States government to recover money paid on a check on the treasury, under a forged indorsement, is conditioned on promptness in giving notice to the person to whom the check was paid.

Appeal from the District Court.

*D. O. Finch,* U. S. Atty., and *D. Donovan,* Asst. U. S. Atty., for the United States.

*Cummins & Wright,* for defendant.

BREWER, J.   The facts are these:   On October 14, 1868, W. A. Rucker, a paymaster in the United States army, drew his check on the assistant treasurer of the United States at New York for $100 bounty money, payable to the order of Cornelius D. Thrall. On October 26, 1868, the defendant presented his check to said assistant treasurer, and received the money thereon. On the back of the check appeared what purported to be the indorsement of the payee, Cornelius D. Thrall, but in fact such indorsement was false and forged. On October 9, 1880, nearly 12 years thereafter, the United States commenced this action in the district court to recover the money paid out on the strength of this forged indorsement. The defendant answered, and, among other defenses, pleaded negligence and laches on

the part of the government, in this: that it was informed by said payee, Thrall, of the fact that his indorsement was forged soon after the payment of the check, and before the end of the year 1868, and that it never notified the defendant, or any one else interested in the transaction, until about 10 years thereafter, and until the defendant had lost all opportunity to protect itself. To this defense the plaintiff demurred. The demurrer was overruled, and, the plaintiff standing on the demurrer, judgment was entered in favor of the defendant. From this judgment the plaintiff has appealed.

Do the facts stated constitute a defense? That no mere statute of limitations will bar a claim for money due the government is settled. *U. S.* v. *Thompson,* 98 U. S. 486. But the defendant contends that the government, dealing in commercial paper, is subject to the same rules and obligations that control individuals in like transactions, and that, as between individuals, "it is undoubtedly necessary that the maker, acceptor, or other party who demands restitution of money paid under a forged indorsement, or under a forged signature of the drawer of a bill, should make the demand without unnecessary delay." 2 Daniel, Neg. Inst. § 1371. The first of these two propositions was decided in *Cooke* v. *U. S.,* 91 U. S. 389. See, also, *U. S.* v. *National Bank,* 6 Fed. Rep. 134. The second seems to be sustained by the common voice of the authorities. See, in addition to 2 Daniel, Neg. Inst. cited *supra,* 2 Pars. Notes & Bills, 598, and cases cited in notes to text of both authors. The principal cases cited by counsel for the government are those in which the liability of the defendant, being absolute, fixed, and constant, the question has been one purely of the statute of limitations, while in the case at bar the right of recovery is conditioned on promptness in giving notice. The distinction between the two is obvious.

I see no error in the ruling of the district court, and its judgment must be affirmed.