BOARD OF COUNTY COMMISSIONERS OF RAMSEY COUNTY v. FRANK E. ELMUND and Others.
SAME v. OTTO H. AROSIN and Another.[1]

February 27, 1903.

Nos. 13,211, 13,150—(89, 93).

County Treasurer—Liability.

> Where a deputy county auditor issues fraudulent and fictitious redemption and refundment orders, and forges the indorsement of the payee, and obtains payment thereon from the county treasurer, the treasurer and his sureties are liable for the amount so paid.

Separate actions in the district court for Ramsey county to recover from defendants, Arosin and Elmund, former treasurers of said county, and their sureties, $11,832.55 and $6,052.56, respectively, upon their official bonds. From orders, Otis, J., overruling their several demurrers to the complaints, defendants appealed. Affirmed.

*John B. & E. P. Sanborn*, for appellants Elmund and others.
*Harris Richardson* and *Cobb & Wheelwright*, for appellants Arosin and others.

[1] Reported in 93 N. W. 1054.

*T. R. Kane*, County Attorney, and *O. H. O'Neil*, Assistant County Attorney, for respondent.

LEWIS, J.

Each of these actions was brought by the board of county commissioners against the treasurers of Ramsey county, and their bondsmen, for the purpose of recovering the amount paid by the treasurers upon certain redemption orders and refundment orders which had been fraudulently issued by W. B. Bourne while acting as deputy auditor.

The statement of facts in the complaints is the same as that set forth in the case of Board of Co. Commrs. v. Sullivan, infra, page 68, with the exception that in those cases it did not appear to whom the treasurer paid the money called for by the orders, while in these cases it is alleged that Bourne forged the indorsement of the parties to whom the orders purported to be issued, and presented them in person to the treasurer, and drew the money; and the ground upon which the treasurer and his sureties are claimed to be liable is that it was negligence to make payment to parties not named in the orders. Each complaint was demurred to upon the ground that it did not state facts sufficient to constitute a cause of action, and appeal was taken from the order overruling the demurrer.

By G. S. 1894, § 755, it was made the duty of the county treasurer to redeem orders or warrants drawn on him by the county auditor, or when signed by the county commissioners and attested by the county auditor, but this section does not relieve the treasurer from the duty of knowing whether he pays the money to the right person. He is not relieved by the mere fact that the orders purported to be regularly issued and valid. The fact that Bourne may have issued the orders to a real person, and then forged the signature in the indorsement, can make no difference. No doubt, if the payees named in the orders had themselves presented them to the treasurer, he would be justified in paying them, for he would be required to go no further than to identify the person presenting the order with the person named as payee therein. In this respect the treasurer stands in a similar position to a bank, which is re-

quired by law to assume the responsibility of knowing whether or not the indorsements presented upon commercial paper are forgeries, and whether persons presenting them are entitled to receive the money. These cases are controlled by Board of Co. Commrs. v. Nelson, 51 Minn. 79, 52 N. W. 991, where it was held that the treasurer was negligent in failing to ascertain whether the purported signatures of the payees of certain fraudulent certificates issued by a deputy clerk of court were genuine, and that such negligence was the immediate and proximate cause of the loss to the county, to the same extent as though the certificates had been properly issued.

In the case against Elmund and others, the treasurer had given two bonds which were identical, except that certain sureties did not appear upon both bonds. The bonds were joint and several, and for this reason a demurrer was entered upon the ground that several causes of action were improperly united. The point was not well taken, because, as to the sureties who signed both bonds, there was only one cause of action; and, as to those who did not, it was immaterial.

All other questions are disposed of by the decision in the cases against the auditors.

Orders affirmed.