BOARD OF COUNTY COMMISSIONERS OF RAMSEY COUNTY v. FRANK E. ELMUND and Others.[1]

February 10, 1905.

Nos. 13,971—(9).

**County Treasurer—Payment of Forged Orders.**

Where the county treasurer recognizes an order on the treasury issued from the county auditor's office on the proper blank, which is in all things regular on its face, and issues a check upon the legal county depositary for the sum named therein, payable to the person who is designated as payee, and apparently entitled to receive the same, then delivers such

[1] Reported in 102 N. W. 719.

check to the pretended representative of such payee in good faith and without negligence, neither he nor his sureties are liable on his official bond for a forgery of the order or of the indorsement of the payee named thereon.

Action in the district court for Ramsey county to recover from defendants Frank E. Elmund, former treasurer of said county, and his sureties, $6,052.56 upon his official bond. The case was tried before Jaggard, J., who found in favor of plaintiff for the sum demanded. From an order granting a motion for a new trial unless plaintiff should consent that the amount of the recovery be reduced to $2,108.97 with interest, plaintiff appealed. Affirmed.

*Thos. R. Kane,* County Attorney, and *O. H. O'Neill,* Assistant County Attorney, for appellant.

*Edward P. Sanborn,* for respondents.

LOVELY, J.[2]

This is an action against Frank E. Elmund, treasurer of Ramsey county, and the sureties on his official bond, for payments in cash and by check on fictitious redemption and refunding warrants issued from the office of the county auditor.

The action was tried to the court, who made findings of fact to the effect that the allegations of the complaint were true; that W. B. Bourne, as deputy county auditor, made out a number of orders apparently in conformity to law, in each of which the name of the payee was stated, and were required to be paid and redeemed; that the persons named as payees were not entitled to receive the amounts designated therein for the reason that none of them had any claim whatever against the county; that Bourne forged on each of these orders the name of the payee, and then presented the same for allowance to the defendant Elmund, as treasurer, who paid the same when presented; that the refundment orders were signed by the chairman of the county board, recognized by the treasurer as genuine, who in some cases paid the amount called for in cash to Bourne, and in others, specifically designated in the findings, by checks on the county depositaries in favor of the persons who, according to the warrants, were entitled to receive the same, which he delivered to Bourne. Upon the facts thus found the court held as

[2] This case was argued and submitted before December 31, 1904.

a conclusion of law that as to the warrants paid in cash as well as by checks the defendants were liable.

Afterwards upon defendants' motion for amended findings, the court further found that the refunding and redemption orders were filled out by Bourne in the legal and customary form on blanks furnished and kept in the office of the county auditor for use, and were regular on their face; also that the defendant Elmund had no actual knowledge that the refunding and redemption orders, or any of them, were invalid, or that the indorsements upon any of them were forgeries, at the time payments were made and checks given. The conclusion of law holding the defendants liable was allowed to stand.

There was a motion for a new trial upon a settled case containing the entire evidence upon the ground that the findings and decision of the court were contrary to law and for errors of law. In disposing of the motion for a new trial the court ordered that it should be granted unless the plaintiff's attorneys should serve upon the defendants' counsel within a specified time the consent of the plaintiff that the amount for which judgment was directed in the findings be reduced to the extent of the aggregate sums designated in the checks given on the county depositaries, being upwards of $3,500. The legal representatives of the county declined to abide by the reduction, and appealed to this court from the order for a new trial.

Upon the record presented here, as counsel seemingly agree, the direct question to be determined is whether the delivery by the treasurer to Bourne of checks for the amounts of the refundment and redemption orders as disclosed therein protects him and his sureties from liability to that extent. While the trial court did not distinctly find that there was no negligence on the part of the treasurer in the delivery to Bourne of these checks payable to the persons named in the simulated orders, and went no further than to say that the treasurer did not have "actual knowledge" that the orders were irregular, or that the indorsements were forged, yet an examination of the entire record fails to disclose that the treasurer had any information sufficient to put him upon inquiry of their spurious condition. Upon this state of the record we are required to hold that the order reducing the amount for which the treasurer is to be held involves necessarily the conclusion that there was no negligence upon his part in issuing the checks. Or, in other words, that

the delivery to Bourne, who was then acting as deputy auditor, of the checks made payable to the designated payees in each on the proper county depositary relieved him and his sureties from liability for such amounts; and, so far as this appeal is concerned, we are authorized to go no further than to determine whether the delivery of the checks in the manner stated by the treasurer in good faith, and without negligence on his part, was a legal compliance with his duty.

It will be seen by reference to the complaint in this case that the charge was that the treasurer was negligent in paying the orders. We sustained this complaint in the case of Board of Commrs. of Ramsey County v. Elmund, 89 Minn. 56, 93 N. W. 1054, and held that, if the payees named in the orders had themselves presented them to the treasurer, he would be justified in paying them, for he would be required to go no further than to identify the person presenting the order as the person named therein; that in this respect the treasurer was in a similar position to the banker, who is required by law to assume the responsibility of knowing whether the indorsements presented on commercial paper are forged and whether the person presenting it is entitled to receive the money, following Board Commrs. of Ramsey County v. Nelson, 51 Minn. 79, 52 N. W. 991, where it was held that, if the treasurer was negligent in failing to ascertain whether the purported signatures of the payees of certain fraudulent certificates were genuine, and such negligence being the immediate and proximate cause of the loss to the county, the treasurer and his sureties would be liable.

The decision in Board of Commrs. of Ramsey County v. Elmund, supra, went no further than to determine that, where the treasurer was negligent, he would be liable; but the question here requires us to determine, under the precise facts found and disclosed by the record, whether, when the treasurer, acting in good faith, and without negligence, delivers a check on a county depositary which was fabricated by the officer authorized to draw the same in a proper case, to the payee named in the check or his agent, which would have to be collected at the bank by presenting the same by such person or his indorsee, this must be an act of negligence per se because of the spurious character of the simulated order. Although the orders were fabricated, they were regular on their face, and the treasurer had no reason to doubt their genuineness. There were forged indorsements thereon, but the treasurer did not go so

far as to determine or act upon such indorsements, but made and delivered checks payable to the persons to whom the warrants directed payment, and we are not able to hold that the treasurer in such a case would be liable. To demand this would be to impose upon him judicial duties based upon the mere surmise that the trusted servant of another department of the county had committed a crime, and in presenting the orders was attempting to reap benefits therefrom by an unlawful raid upon the public funds.

Some benefit must be given to the presumption that public officials will and have done their duty. If this could not be relied upon by the disbursing official, it would be his duty to question the genuineness of every warrant presented to him for payment where there was nothing on its face or in the conduct of the person presenting it to excite suspicion. We must, in determining this question, take into account the manner in which the business of this country is conducted. Many of. the persons to whom the redemption and refundment warrants are usually payable do not reside at the treasurer's home or in this state. It is the usual custom by such persons through correspondence to secure the amounts due them from the treasurer through representatives and agents. Such owners cannot be expected and seldom do present these warrants in person, but often delegate either the officers of the county or actual residents to act for them. The disbursing officer, who may well be supposed to assume that an order is genuine, and that the persons presenting it have the right to its possession, and delivers to the person presenting it a check payable to the one apparently entitled to receive the money, would seem to act in conformity to law. The responsibility for the wrong in such a case must rest in the first instance upon that department of the county which fabricated and issued the orders, and this is aside from the duty of the person or bank paying the money to determine whether it is forged. The banks upon whom the checks were drawn were not the treasurer's agents. He had no voice in selecting or naming them as county depositaries. This was done by the county itself through its board of auditors. G. S. 1894, §§ 728, 733. When the treasurer had deposited the funds of the county in the bank so designated, and in the name of the county, the treasurer is exempt from all liability by reason of the loss from failure, bankruptcy, or any other acts of any such bank or banker. G. S. 1894, §§ 729, 730; State v. Bobleter, 83 Minn. 479, 86 N. W. 461.

We are satisfied upon the record presented before us that there was no liability on the part of either the treasurer or his sureties where the checks to the payees of the simulated orders apparently good on their face were delivered to a person who presented the same, where the treasurer acted in good faith, and was not negligent; and this leads necessarily to the conclusion that the appeal of the county from the conditional order directing a new trial must be affirmed.

Order affirmed.