IN RE ESTATE OF ELIZABETH J. SHINN.

KEITH McVEY et al., Appellants, v. W. J. BURKE, Administrator, Appellee.

DECEMBER 14, 1928.

C. W. Kellogg and John A. McKenzie, for appellants.

Fred E. Egan, for appellee.

WAGNER, J.—John W. McVey, the father of Elizabeth J. Shinn, deceased, and the grandfather of the plaintiffs herein, died testate, March 28, 1904. By the provisions of his will, he devised all of his property to his five children, to wit: Elizabeth J. Shinn, Mary A. Norton, John A. McVey, Rosanna McVey, and Charles McVey. John A. McVey was the father of the plaintiffs herein. Charles McVey predeceased his father, and by the terms of the will, that portion of the estate devised to said son passed in equal shares to his brother and three sisters. Whether that portion of the estate devised by John W. McVey to

Elizabeth J. Shinn constituted an estate in fee, or a life estate only, with remainder to her sisters and brother, seems to have been a matter of doubt in the minds of the interested parties; and on November 5, 1904, she and her sister, Mary A. Norton, and her brother, John A. McVey, joined in an action against the remaining daughter, Rosanna McVey, and the executor of the estate, and in their petition asked for such construction of the will of their father as to give to Elizabeth J. Shinn an estate in fee simple therein. Because of the doubt as to the proper construction of the will, the executor of said estate, by separate instrument, also asked for a construction thereof, and for instructions as to how, and to whom, distribution of the proceeds remaining in his hands after the payment of the debts and charges of said estate should be made. Upon trial, the court, on November 23, 1904, decreed that the interest of Elizabeth J. Shinn in that portion of the estate devised to her by her father was an absolute fee-simple estate. Since her brother Charles McVey had predeceased his father, she was by the decree held to be the owner of one fourth of the personal property absolutely, and of an undivided one fourth of the real estate in fee simple.

Elizabeth J. Shinn died testate, November 4, 1925, and her husband, O. H. Shinn, died February 23, 1919. At the time of the death of Elizabeth J. Shinn, she left no surviving husband or issue. By her last will and testament, she devised one third of her estate to her husband, O. H. Shinn, during the term of his natural life, the same to be in lieu of his distributive share of her estate, and provided that, upon his death, said one third should go to the same parties and in the same proportions as the remaining two thirds of her estate thereinafter disposed of. By the subsequent provisions of her will, she devised one third of her property to her sister Mary A. Norton, and one third in equal shares to the children of her sister Mary A. Norton (eight in number), and the children of her brother John A. McVey (the two plaintiffs herein). Rosanna McVey died a few days after the death of her sister Elizabeth J. Shinn. John A. McVey predeceased his sister Elizabeth J. Shinn.

The plaintiffs constitute the sole issue of John A. McVey, deceased, and they allege in their petition, in substance, that an oral contract was entered into between their father and Elizabeth J. Shinn, whereby, in consideration of the said John A. McVey's

not resisting her application to have the will of John W. McVey construed so as to give her her share in said estate in fee simple, she agreed to will the property owned by her, at the time of her death, so that the children of John W. McVey would receive all of the property left by the said Elizabeth J. Shinn, in equal shares, or the children by right of representation; and that the said John A. McVey carried out his part of said contract by joining with the said Elizabeth J. Shinn in making application to have the said will so construed; and that the same was so construed by the court.

The defendant in his answer alleges various defenses, among which are a general denial, want of consideration, estoppel, and that the contract is unjust and inequitable.

If Mrs. Shinn had made a will in accordance with the alleged oral contract, the interest of the plaintiffs would be greater than under the will which was probated. We first inquire as to whether or not the alleged oral contract relied upon by the appellants has been established.

Since the appellants are asking for specific performance of an alleged oral contract, the burden is upon them to establish the contract as alleged, and the same must be established by clear, satisfactory, and convincing evidence. *Lockie v. Baker*, 206 Iowa 21. And the terms of the contract must be so certain and definite as to leave nothing to conjecture, or to be supplied by the court. *Marti v. Ludeking*, 193 Iowa 500; *Lockie v. Baker*, supra.

Since the lips of the party against whom the contract is sought to be enforced are sealed by death, the case belongs to a class wherein the evidence in support of the alleged contract should receive the court's closest scrutiny. As is well said in *Garman v. Wettengel*, 199 Iowa 1150:

"This case belongs to a class which usually challenges the scrutiny and the skepticism of the court. The evidence upon which such a case usually rests is such, in its very nature, that direct disproof is quite impossible. The defendants must rely largely upon circumstances of inconsistency and improbability. Such case imposes upon the court the special duty of receiving the direct testimony relied upon by plaintiff, subject to every fair test which tends to weaken its credibility."

In *Houlette v. Johnson*, 205 Iowa 687, being an action in which specific performance of an oral contract was asked after the death of the party against whose estate relief was sought, we said:

"Consistent with the seriousness of the situation, and in realization of the injustice that might otherwise be done, proof required must be 'clear, convincing, and satisfactory,' and the 'acts said to constitute performance should be equally' plain, 'definite, and referable exclusively to said contract.'"

In *Ross v. Ross*, 148 Iowa 729, we said:

"The questions involved are almost wholly, if not entirely, questions of fact. * * * As the alleged vendor is dead, and cannot give his version of the matter, it is a wholesome rule of law that the testimony to sustain such a contract as is relied upon here must be clear, satisfactory, and convincing."

For other cases holding in conformity with the foregoing, see *Holmes v. Connable*, 111 Iowa 298; *Groh v. Miller*, 196 Iowa 1367; *Stennett v. Stennett*, 174 Iowa 431; *In re Estate of Rich*, 199 Iowa 902; *Helmers v. Brand*, 203 Iowa 587; *Hart v. Hart*, 181 Iowa 527.

With the foregoing rules announced, we turn to the evidence in the case, to determine whether the plaintiffs have established, by the quantum of proof required, the alleged oral contract. The testimony relied upon by the plaintiffs is that of their uncle and their mother, who claim that, sometime after the death of J. W. McVey, they overheard a conversation at the home of Elizabeth J. Shinn, between her and John A. McVey, the father of the appellants. Both witnesses testified, on direct examination, that the husband of Mrs. Shinn was present at the time of the conversation. It thus appears that, of the five persons who were present at the time of the alleged conversation, the two contracting parties and the husband of the one against whom relief is sought are now deceased, and the plaintiffs are relying upon the testimony of the other two, their uncle and mother, to establish the alleged oral contract. We give the following excerpts from the testimony of the uncle:

"Q. Now, I wish you would tell the court if anything was

said in that conversation by J. A. McVey, or his sister Mrs. Elizabeth Shinn, about contesting the will of John W. McVey? A. Well, the conversation about changing the will—Aleck was fighting the changes in the will. Q. What change was talked about—what change in the will, if you know? A. About changing the will of Mrs. Shinn's father. Q. What were they talking about,—Mrs. Shinn asked to have the will construed to give her more than *one third for life*,—was that talked there? A. Yes, sir. Q. What, if anything, was said by Mrs. Shinn or Aleck: that is, J. A. McVey and Mrs. Shinn? A. *She says to Aleck she will fight the will, if her heirs, brothers and sisters, would get her estate after her death.*"

He then testified:

"Aleck said to her, 'If you will will your property to your brothers and sisters at your death, I will not fight the change in the will.' She said, in answer to that, 'I will do that.' "

On cross-examination of said witness, the following occurred:

"Q. Isn't it a fact, Mr. Martin, that there was a great deal of discussion at the time this will was probated—didn't want O. H. Shinn to get any of the property? A. Well, I don't know about that; I have heard some talk."

We quote from the testimony of the mother of the appellants, the following:

"Q. State what the fact may be as to whether anything was said with reference to Mrs. Shinn, wanting a change in the will. A. No, sir. Q. What was said about Mrs. Shinn, wanting to change her father's will? A. She said she wanted to share in the estate the same as the rest of the children. Q. What, if anything, did your husband say in that regard? A. *My husband told her, if she would not bring suit against the estate, that he would let her share equally with the rest of them,—if she would not cause any trouble,—not bring any suit.* Q. That your husband would not contest the will? A. Yes, sir. Q. What, if anything, did he say? A. He said to Mrs. Shinn that, if she would let her estate go back to the McVey brothers and sisters and their heirs, *he would not contest the will*. Q. Con-

test the will, or her application? A. Application. Q. What was said about Mrs. Shinn, making a will to that effect? A. She said she would talk to the McVey brothers and sisters and their heirs.''

In view of the foregoing testimony of the only two living witnesses, it cannot be successfully asserted that the alleged oral contract has been established, or that the same has been established by that clear, satisfactory, and convincing evidence which the law requires. At the time when it is claimed that this oral contract was entered into, the husband of Mrs. Shinn was alive, and no one could foretell as to whether he would outlive his wife. If he had outlived his wife, he would have had a distributive share, or dower interest, which he could have claimed in all of her property. It can hardly be claimed that a contract was entered into which would seemingly require Mrs. Shinn to perform an impossibility. The uncle of the appellants testified that Mrs. Shinn said to Aleck that she would fight the will if her heirs, brothers and sisters, would get her estate after her death, and yet claims, in the next expression to which he gives utterance in his testimony, that she said she would will her property to her brothers and sisters at her death. Moreover, the mother of the appellants testified, in response to the question ''What was said about Mrs. Shinn, making a will to that effect?'' that she said she would talk to the McVey brothers and sisters and their heirs.

The testimony abounds with inconsistencies and improbabilities. In view of the aforesaid rules of law which govern us in the determining of the fact proposition presented for our determination, it cannot be said that the claimed oral contract has been established. Whatever evidence there is, bearing upon the establishment of the claimed oral contract, is not of that clear, satisfactory, and convincing character required by the law in such cases. It was the duty of the court to construe the will of John W. McVey, and it cannot now be claimed that the same was not properly construed.

Our holding upon the fact proposition makes it unnecessary for us to determine whether or not the alleged contract was supported by a consideration, and makes it likewise unnecessary to determine the other matters urged by way of defense by the appellee. We in no way mean to intimate that the appellants

would be entitled to specific performance, had we found the alleged oral contract established.

For the reasons hereinbefore given, the action of the trial court in dismissing appellants' petition upon its merits, and in rendering judgment against them for the costs, is clearly right, and the same is hereby affirmed.—*Affirmed*.

STEVENS, C. J., and DE GRAFF, ALBERT, and MORLING, JJ., concur.