# MONTGOMERY WARD & COMPANY, INC. v. CENTRAL CO-OPERATIVE ASSOCIATION.[1]

December 17, 1937.

No. 31,512.

*John P. J. Dolan,* for appellant.

*Harold E. Stassen* and *Fallon Kelly,* for respondent.

GALLAGHER, CHIEF JUSTICE.

One T. A. Hoff, a farmer, consigned several head of cattle to defendant, a commission house at South St. Paul. The cattle were sold, and a check payable to T. A. Hoff for $252 in part payment of the net proceeds due him from the sale was made by defendant. It is the custom among livestock commission houses to deliver such checks to shippers over the counter at their offices when the shipper is identified or vouched for by the truck driver by whom shipment was made. Mr. Hoff had done business with defendant for many years and was known to defendant's manager and employes. If checks are not called for the day they are made, at the close of the business day they are mailed to the payees.

[1]Reported in 276 N. W. 731.

Mr. Hoff did not call at defendant's office for the check, nor did he authorize anyone to get it from the office for him. In some manner which the record does not disclose, some unknown person got possession of it and presented it at plaintiff's place of business with a request that it be cashed. The person presenting it represented himself to be T. A. Hoff. Plaintiff's floor manager telephoned defendant's manager and inquired if a check had been issued by the latter to T. A. Hoff and was told that such a check had been issued. No further inquiry was made by the floor manager as to the appearance of T. A. Hoff. The check was indorsed by the person presenting it, and payment was made by plaintiff. A few days later defendant discovered that the indorsement was a forgery. and refused to honor the check. This suit is brought for the face value of the check.

2 Mason Minn. St. 1927, § 7066, provides:

"When a signature is forged or made without the authority of the person whose signature it purports to be, it is wholly inoperative, and no right to retain the instrument, or to give a discharge therefor, or to enforce payment thereof against any party thereto, can be acquired through or under such signature, unless the party, against whom it is sought to enforce such right, is precluded from setting up the forgery or want of authority."

This section is but an enactment of the common-law rule. According to common law, if a check was negligently delivered to an imposter who held himself out as the payee and another person cashed the check in reliance upon the fact that the person presenting it was the same person to whom it was delivered by the drawer, then the drawer was precluded from dishonoring the check because of the forged indorsement of the imposter for the reason that it was the negligence of the drawer that caused the holder to cash it. Burrows v. Western Union Tel. Co. 86 Minn. 499, 90 N. W. 1111, 58 L. R. A. 433, 91 A. S. R. 380. There is no evidence that the check was delivered by defendant to any person. But, assuming that defendant did deliver the check to a person other than the payee, there is no evidence that the person presenting the check to

plaintiff was the same person as the one to whom it was delivered by defendant. Nor is there any evidence that plaintiff cashed the check in reliance upon defendant's delivery of the check to the person presenting it as the payee.

Since the negligent delivery of a check by the drawer to one who is not the payee does not preclude the drawer from setting up the forged indorsement, or indorsement without authority, unless his negligence proximately causes another to pay value to the person to whom the check was delivered, it is essential that the party cashing the check establish the fact that the person presenting the check and the person to whom the check was delivered by the drawer are identical and that he acted in reliance thereon. Since these facts are not proved, plaintiff has not shown that it was damaged by defendant's negligence, and defendant is not precluded from setting up the forged indorsement which deprives plaintiff of the right to enforce payment against the drawer.

Order affirmed.