464 N.W.2d 564 (1990)
IOWA NATIONAL MUTUAL INSURANCE CO., Respondent,
v.
LIBERTY MUTUAL INSURANCE CO., et al., Appellants.
No. C9-90-919.
Court of Appeals of Minnesota.
December 31, 1990.
Review Denied March 15, 1991.
*565 Gene P. Bradt, Hansen, Dordell, Bradt, Odlaug & Bradt, St. Paul, for appellants.
Richard P. Mahoney, Mahoney, Dougherty and Mahoney, Minneapolis, for respondent.
Considered and decided by KALITOWSKI, P.J., and FOLEY and NORTON, JJ.

OPINION
NORTON, Judge.
Appellants, Liberty Mutual Insurance Co. and Marriott Corporation, seek review of the trial court judgment reimbursing respondent, Iowa National Mutual Insurance Co., for money paid on appellants' behalf for damages awarded in a personal injury action and attorney fees and costs in defending that action.

FACTS
In 1974, B-E, insured of Iowa National Mutual Insurance Company, was acting as a construction subcontractor for Marriott Corporation. B-E had an indemnification agreement with Marriott whereby B-E would indemnify Marriott for claims arising from any injuries to B-E's employees. An employee of B-E was injured at the Marriott job site, and subsequently brought a negligence action against Marriott.
In 1976, Marriott and its insurer, Liberty Mutual Insurance Company, tendered the defense in the negligence action to B-E pursuant to the indemnification agreement. The tender of defense was accepted by Iowa National as the insurer of B-E. Liberty Mutual dropped from active participation in the case but requested periodic updates regarding status of the case or a possible excessive verdict.
Thereafter, Iowa National began a third party action against another subcontractor, Allstate Steel Erection. Allstate then commenced a fourth party action against B-E. The same law firm handled both the negligence defense of Marriott and the fourth party defense of B-E.
During the pre-trial period, the Minnesota Supreme Court decided Farmington Plumbing & Heating Co. v. Fischer Sand and Aggregate, Inc., 281 N.W.2d 838 (Minn.1979). The court strictly construed indemnification agreements when the indemnitee seeks to be indemnified for its own negligence. Id. at 842. On August *566 29, 1980 and again on November 26, 1980, in accordance with Farmington, Iowa National retendered the defense of Marriott to Liberty Mutual. Liberty Mutual did not respond to the retender of defense and Iowa National continued the defense of Marriott.
The jury found for the employee and apportioned fault as follows: Marriott, 55%, Allstate, 35%, and B-E, 10%. Iowa National sent a demand letter to Liberty Mutual for payment of Marriott's share of the award. There was no response to this letter. Iowa National then paid Marriott's share of the award, costs, disbursements and attorney fees.
Liberty Mutual has made no payment. Iowa National brought this action against Liberty Mutual and Marriott for payment of Marriott's share of the award and attorney fees and costs expended in defending Marriott following the retender of Marriott's defense on August 29, 1980. The trial court awarded Iowa National the full amount. The findings were later amended to include prejudgment interest. Liberty Mutual and Marriott seek review of the judgment and amended findings.

ISSUES
1. Does Iowa National have standing to bring a reimbursement claim against Liberty Mutual and Marriott?
2. Is Iowa National estopped from denying insurance coverage to Marriott?

ANALYSIS
On appeal, this court is not bound by the trial court's decision when reviewing questions of law. See A.J. Chromy Constr. Co. v. Commercial Mechanical Serv., Inc., 260 N.W.2d 579, 582 (Minn.1977).

I.
Liberty Mutual and Marriott argue that Iowa National does not have standing to seek reimbursement because it was not a party to any contract existing between Marriott and B-E. They view the issue as a matter of contract interpretation and contend that neither B-E nor Marriott has ever disaffirmed the acceptance of the defense under the indemnification agreement.
The trial court correctly concluded that the indemnification agreement did not require B-E to indemnify Marriott because the agreement did not apply to any negligent acts by Marriott. See Farmington Plumbing & Heating Co. v. Fischer Sand and Aggregate, Inc., 281 N.W.2d 838, 842 (Minn.1979) (indemnity agreements to be strictly construed when indemnitee seeks to be indemnified for own negligence). Initially, and before Farmington, Iowa National properly accepted the tender of defense to indemnify Marriott because it assumed the agreement applied to the negligence claim. After the Farmington decision, Iowa National properly retendered the defense back to Marriott.
Liberty Mutual and Marriott further argue that the trial court erred in its finding that Iowa National has standing to bring this action by right of subrogation as a matter of common law. Liberty Mutual and Marriott allege that the contractual rights between B-E and Marriott are not clear and subrogation will not be enforced when the rights of the parties are not clear. See Westendorf by Westendorf v. Stasson, 330 N.W.2d 699, 703 (Minn.1983).
In the typical insurance subrogation case, the insurer is seeking subrogation to step into the shoes of its own insured. See, e.g., Continental Casualty Co. v. Reserve Ins. Co., 307 Minn. 5, 8, 238 N.W.2d 862, 864 (1976) (excess insurer subrogated to its insured's rights). The application of subrogation in this case is unique because Iowa National is not an insurer of Marriott but the insurer of its indemnitor. Iowa National represented Marriott only because of the indemnification agreement.
Subrogation is an equitable doctrine which compels the ultimate payment of a debt by the one who, in justice and good conscience, ought to pay it. It is not dependent upon contract, privity, or strict suretyship. Westendorf, 330 N.W.2d at 703. The key element in subrogation cases is whether the party seeking subrogation was compelled to pay another's debt. Under this circumstance, the party paying the *567 debt has the right to subrogation. See New York Casualty Co. v. Sazenski, 240 Minn. 202, 208, 60 N.W.2d 368, 373 (1953).
Whether on insurance-economic principles or general equitable principles, a party should not be made to bear a loss that rightfully belongs to another party.
Continental Casualty Co., 307 Minn. at 10, 238 N.W.2d at 865. But, subrogation will not be exercised in favor of a volunteer or a stranger who pays without any obligation to do so, or who is without any interest to protect.
Although no longer required to indemnify Marriott, Iowa National paid Marriott's portion of the damage award and is entitled to subrogation. Iowa National did not end its defense of Marriott when there was no response to its retender of defense. The retender of defense letter to Liberty Mutual shows that Iowa National continued to defend Marriott:
so that that company's [Marriott's] interest will not go undefended while Liberty Mutual prepares to resume its defense of Marriott * * * [and] suggest that Liberty Mutual move with the greatest dispatch to protect the interests of its insured, Marriott Corporation.
Iowa National's attorney's continued representation of Marriott was proper under Minn. Rules of Professional Conduct Rule 1.16(d) (1987). Rule 1.16(d) mandates a withdrawing attorney to
take steps to the extent reasonably practicable to protect a client's interests, such as * * * allowing time for employment of other counsel.
After the trial, when Liberty Mutual and Marriott did not respond to Iowa National's demand for payment, Iowa National felt compelled to pay Marriott's share of the award. One insurer should not be penalized for promptly paying a debt rightfully owed by another insurer. See Hoiland v. Minneapolis Children's Medical Center, 457 N.W.2d 241, 244 (Minn. App.1990) (health insurer allowed to recover benefits it erroneously paid from no-fault insurer), pet. for rev. denied (Minn. Aug. 23, 1990).

II.
Liberty Mutual and Marriott contend that Iowa National is estopped from denying coverage to Marriott right before the date of trial where the same law firm represented the interests of Marriott and B-E for more than four years. They argue that Gamble-Skogmo, Inc. v. St. Paul Mercury Indem. Co., 242 Minn. 91, 64 N.W.2d 380 (1954), relied on by Iowa National and adopted by the trial court, is distinguishable from this case.
In Gamble-Skogmo, two insurers insured the same client under two different policies. When the general liability insurer refused to accept the defense of the insured in a personal liability action, the other insurer agreed to assume the defense. On the second day of trial, it was realized that the general liability insurer should be defending the insured. When notified of this, the general liability insurer made no attempt to join the defense. The judgment was paid by the defending insurance company and a lawsuit was commenced against the general liability insurer. Gamble-Skogmo, 242 Minn. at 99, 64 N.W.2d at 386. Judgment was affirmed for the defending insurance company for the full amount of the judgment plus interest and attorney fees and costs. Id. at 112, 64 N.W.2d at 393.
Liberty Mutual and Marriott distinguish Gamble-Skogmo where both insurers had an identity of interest in that they both were concerned with protecting the rights of their mutual insured. In this case, Liberty Mutual and Marriott claim that Iowa National did very little to advance the defense to the specific benefit of Marriott. However, they concede that Marriott and B-E had an identity of interest when Iowa National was to pay the judgment on behalf of both. The majority of the discovery and preparation for trial was completed during this time of identity of interest.
Liberty Mutual and Marriott also argue that an assignment from the insured to the defending insurer in Gamble-Skogmo which supports the subrogation right in that case is distinguishable from this case *568 where there is no assignment. However, in New York Casualty Co., the court allowed an insurer to proceed for reimbursement by right of subrogation "as well as its rights under the voluntary assignment." New York Casualty Co., 240 Minn. at 208, 60 N.W.2d at 373. This language suggests that the insurer could proceed for reimbursement under its right of subrogation alone or under its voluntary assignment alone. The lack of an assignment of rights in this case is not an important distinction from Gamble-Skogmo.
The general rule is that an insurance company is estopped to deny liability on a claim where the liability insurer assumes exclusive control and conducts the defense of an action against its insured. Gamble-Skogmo, 242 Minn. at 103, 64 N.W.2d at 388. Liberty Mutual and Marriott argue that this rule should apply in this case because Marriott is the insured who is claiming estoppel against the insurer, Iowa National.
Iowa National is not the insurer of Marriott. Iowa National only assumed the obligation to defend Marriott because of the indemnification agreement between B-E and Marriott. After the retender of defense, Iowa National continued the defense of Marriott in place of Marriott's insurer, Liberty Mutual, only because Liberty Mutual did not accept the retender of defense. Iowa National had no insurance contract with Marriott.
This is a case of one insurer, Iowa National, denying liability on a claim to another insurer, Liberty Mutual. The general rule estopping an insurance company from denying liability is not applicable where estoppel is asserted by one insurer against another insurer. Id. at 104, 64 N.W.2d at 389. Liberty Mutual cannot assert estoppel against Iowa National.
Finally, Liberty Mutual and Marriott argue that they were prejudiced by Iowa National's investigation, retender of defense close to the trial date, and defense at trial. This court looks to the facts to see whether there has been any prejudice under the particular circumstances of the case. See Reliance Ins. Co. v. St. Paul Ins. Cos., 307 Minn. 338, 342-43, 239 N.W.2d 922, 925 (1976).
In this case, the evidence does not show any prejudice to Liberty Mutual and Marriott. As in Gamble-Skogmo, Liberty Mutual and Marriott did not accept the retender of defense from Iowa National. Liberty Mutual and Marriott stood by and did nothing while accepting the benefits of the defense. See Gamble-Skogmo, 242 Minn. at 102, 64 N.W.2d at 388. Liberty Mutual and Marriott also stipulated to the fact that the damage award by the jury was reasonable. If Liberty Mutual and Marriott had responded at the time of the retender of defense, they could have sought a continuance, conducted their own defense, and raised issues of the adequacy of Iowa National's preparation for defense and any prejudice resulting from the retender of defense close to the trial date. See id. at 105, 64 N.W.2d at 389-90.

DECISION
The trial court did not err in finding that Iowa National should be reimbursed the money it paid for appellants' share of the damages awarded in the personal injury action and attorney fees and costs in defending that action.
Affirmed.